IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BILLY SMITH, ) | |
| ) | No. 8:11-cv-02151-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Kevin F. McDonald's Report and Recommendation (R&R) that the court affirm the Commissioner's decision denying claimant Billy Smith's application for disability insurance benefits (DIB) and supplemental security income (SSI). Smith has filed objections to the R&R. For the reasons set forth below, the court does not adopt the R&R and instead remands the case for further administrative proceedings.

## I.  BACKGROUND

Unless otherwise noted, the background of this case is taken from the thorough and comprehensive R&R.

### A.  Procedural History

Smith filed an application for DIB on August 9, 2007, alleging that he became unable to work on May 10, 2007. The Social Security Administration denied Smith's application initially and on reconsideration. On May 20, 2008, Smith requested a hearing before an administrative law judge (ALJ). A hearing was held on September 21, 2009, and, in a decision issued on February 12, 2010, the ALJ determined that Smith was not

1

disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review on April 14, 2011. The notice explaining the Appeals Council's denial stated recognized that Smith had received a favorable result on a subsequent application for DIB and SSI:

> [T]he Appeals Council considered the fact that since the date of the Administrative Law Judge's decision, you were found to be under a disability beginning February 13, 2010 for a period of disability, Disability Insurance Benefits and June 10, 2010 for Supplemental Security Income, based on the applications you filed on June 10, 2010; however, the Council found that this information does not warrant a change in the Administrative Law Judge's decision.

Tr. 6. The Appeals Council did not place the favorable decision in the subsequent case in the record.

Smith filed this action for judicial review on August 15, 2011. On February 23, 2012, Smith filed a motion to remand for consideration of new and material evidence pursuant to sentence six of 42 U.S.C. § 405(g). On February 4, 2013, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed and Smith's motion to remand be denied. R&R 32. Smith filed extensive objections to the R&R on March 8, 2013 and the Commissioner responded to Smith's objections on March 25, 2013. The matter is now ripe for the court's review.

### B. Smith's Medical History

On February 14, 2005, Smith sustained an injury when he fell down a flight of stairs. Initially, he saw a doctor who told him he had a pinched nerve, and he was treated with two epidural steroid injections, without improvement.

In September 2005, Smith was examined by Edward Hanley, M.D. Dr. Hanley diagnosed neck pain and C6 radiculopathy in the right upper extremity. On November 23, 2005, Smith underwent spinal surgery. Though Smith's surgery was initially

successful, his condition gradually deteriorated. From January 4, 2006 through November 22, 2006, Smith reported increasing levels of pain, discomfort, and weakness in his right wrist and hand. On December 14, 2006, Dr. Hanley diagnosed residual chronic radiculopathy and carpal tunnel syndrome right. Smith continued treatment with Dr. Hanley and several other neurological specialists, but, through June 2009, continued to complain of pain, weakness, and other symptoms related to radiculopathy and carpal tunnel syndrome.

In October 2007, Smith was seen on an emergency basis at Catawba Mental Health Center; he reported significant problems with pain as well as family and financial pressures. The counselor noted that Smith had "no co-occurring disabilities." Smith was diagnosed with major depressive disorder, single episode, and anxiety, caused by "phase of life problems." On December 4, 2007, treating psychiatrist Carlton Gay, M.D., rated Smith at 50 on the Global Assessment of Functioning (GAF).[1] Dr. Gay noted that Smith's responses "suggest some degree of possible exaggeration/ malingering" regarding Smith's history of impairment. In March 2008, Dr. Gay stated that Smith had moderate or severe work-related limitations and was able to manage his own funds. In January 2009, Dr. Gay stated that Smith's pain "appeared to be limiting factor in overall status improvement."

In April 2008, Lisa Varner, Ph.D., reviewed Smith's medical records and completed a mental RFC assessment and psychiatric review technique form. Dr. Varner

---

[1] A GAF score of 41-50 indicates a person has "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders* 34 (4th ed. text revision 2000).

concluded that Smith had severe mental impairments, an affective disorder, and an anxiety disorder that caused moderate limitations, but no episodes of decompensation.

### C. ALJ's Findings

In making his determination that Smith is not entitled to benefits, the ALJ found that:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since May10, 2007, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease, status post anterior cervical disc excision and fusion, status post cervical endoscopic nerve root decompression, carpal tunnel syndrome, depression, and anxiety (20 C.F.R. § 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except: he is restricted from climbing of ladders; is limited to only occasional balancing, stooping, kneeling, crouching, and crawling; and is limited to work requiring frequent but not constant overhead reaching and handling. The claimant is further limited to work involving simple, routine, repetitive tasks, with only occasional public contact.

6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

7. The claimant was born on November 21, 1961, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged onset date (20 C.F.R. § 404.1563).

8. The claimant has a limited education and is able to communicate in English. (20 C.F.R. § 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not

> the claimant has transferable job skills.  (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined by the Social Security Act, from May 10, 2007, through the date of this decision (20 C.F.R. §404.1520(g)).

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id. (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.

### III.  DISCUSSION

Smith objects to the R&R and contends that the ALJ erred in a variety of ways that necessitate remand.  Specifically, Smith argues that:  (1) the ALJ erred at step three of the sequential evaluation process by failing to consider whether Smith's impairments, considered in combination, met or equaled a listing found on the Listing of Impairments; (2) the ALJ gave improper weight to the opinion of Dr. Carlton Gay, Smith's treating psychiatrist; (3) the ALJ failed to properly consider how the side effects of Smith's medications impact his ability to work; (4) the ALJ improperly considered Smith's failure to seek further medical treatment due to financial concerns; (5) the case should be remanded under sentence six of 42 U.S.C. § 405(g) because a subsequent Agency finding that Smith is disabled constitutes new and material evidence that must be considered in this proceeding; and (6) that the Appeals Council should have remanded the case to the ALJ because of the same new and material evidence.  Because the court agrees with Smith that the ALJ erred at step three, the court need not consider the remainder of Smith's objections.

> Federal law states that:
>
> In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Commissioner of Social Security shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.

42 U.S.C. § 423(B) (2012); see also 20 C.F.R. § 404.1523 (2013) ("[W]e will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.").  As the Fourth Circuit has explained, this means that "a failure to establish disability under the listings

by reference to a single, separate impairment does not prevent a disability award."

Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989).

> It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effective of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them.

Id. at 50; see also Saxon v. Astrue, 662 F. Supp. 2d 471, 479 (D.S.C. 2009) (collecting cases that describe the importance of analyzing a claimant's impairments both separately and in combination). "As a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50. This explanation must include more than a "generic declaration that '[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.'" Brown v. Astrue, No. 11-cv-03245, 2013 WL 642189, at *10 (D.S.C. Jan. 31, 2013), adopted by 2013 WL 645958 (D.S.C. Feb. 21, 2013).

In the present case, the ALJ determined at step three of the sequential evaluation process that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 19. This language precisely mirrors the language that was found wanting in Brown. As in Brown and Walker, the ALJ in this case failed to analyze the cumulative effects of Smith's severe impairments. Instead, he simply noted that each of Smith's severe impairments do not, by themselves, meet or equal the listed impairments. This explanation, and the conclusory statement that Smith's combination of impairments does not meet or equal the listed impairments, fail to meet the level of

7

analysis required by Walker and its progeny. As a result, the court cannot discern whether the ALJ's decision was supported by substantial evidence. Remand is appropriate.

Because this case will be remanded due to the ALJ's failure to consider Smith's severe impairments in combination, the court need not address Smith's remaining objections to the R&R. Upon remand, the ALJ will have the opportunity to consider all of those arguments, which are enumerated above.

### IV.  CONCLUSION

For the reasons set forth above, the court **REJECTS** the magistrate judge's Report & Recommendation, **VACATES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. § 405(g) for further proceedings.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 28, 2013**
**Charleston, South Carolina**