IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| BILLY SMITH, | ) | |
| | ) | No. 6:11-cv-02151-DCN |
| Claimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the court on a motion for attorney's fees filed by claimant Billy Smith pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Smith requests $5,782.50 in attorney's fees on the ground that he is a prevailing party under the EAJA. The Commissioner argues against the awarding of such fees, asserting that her position was substantially justified.

      Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances render an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because this court remanded to the administrative law judge ("ALJ") pursuant to 42 U.S.C. § 405(g), Smith is considered the "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

      The government has the burden of proving that its position was substantially justified. Crawford v. Sullivan, 935 F.2d 655, 658 (4th Cir. 1991). Evaluating

whether the government's position was substantially justified is not an "issue-by-issue analysis" but an examination of the "totality of circumstances." <u>Roanoke River Basin Ass'n v. Hudson</u>, 991 F.2d 132, 139 (4th Cir. 1993); <u>see also</u> <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437 (1983) ("A request for attorney's fees should not result in a second major litigation."). "The government's position must be substantially justified in both fact and law." <u>Thompson v. Sullivan</u>, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). There is no presumption that losing the case means that the government's position was not substantially justified. <u>Crawford</u>, 935 F.2d at 656.

In this case, the magistrate judge recommended that the ALJ had sufficiently considered Smith's severe impairments, separately and in combination, at the third step in the sequential evaluation process. The court, however, remanded this case because the ALJ:

> [S]imply noted that each of Smith's severe impairments do not, by themselves, meet or equal the listed impairments. This explanation, and the conclusory statement that Smith's combination of impairments does not meet or equal the listed impairments, fail to meet the level of analysis required by [<u>Walker v. Bowen</u>, 889 F.2d 47 (4th Cir. 1989)] and its progeny. As a result, the court cannot discern whether the ALJ's decision was supported by substantial evidence.

<u>Smith v. Colvin</u>, No. 11-cv-02151, 2013 WL 1303121, at *4 (D.S.C. Mar. 28, 2013).

The Commissioner asserts that her position was substantially justified because the ALJ's opinion in this case was significantly more detailed than the opinion at issue in <u>Walker</u>. She notes that the magistrate judge's R&R in this case is further

evidence that her position was substantially justified.  See Childers v. Colvin, No. 11-cv-03118, slip op. at 3 (D.S.C. May 30, 2013) ("While not determinative, the fact that the Magistrate Judge recommended that the Commissioner's decision be affirmed suggests that the Commissioner's decision was substantially justified.").  Finally, the Commissioner's position on the sufficiency of the ALJ's Step 3 analysis drew on a recent decision by another district judge in this state, who found that "the ALJ's separate discussion of each of Plaintiff's impairments indicates that he considered them in combination."  Ingram v. Astrue, No. 07-cv-00823, 2008 WL 3823859 (D.S.C. Aug. 12, 2008) (quotations omitted).

The court is persuaded by the Commissioner's arguments.  While her position did not warrant affirmance, it had "a reasonable basis in law and in fact" such that "a reasonable person could think it correct."  Underwood, 487 U.S. at 566 n.2.  As a result, the Commissioner's position was substantially justified.

For these reasons, the court finds that the Commissioner has met her burden of showing that her position was substantially justified.  Therefore, the court **DENIES** Smith's motion for attorneys' fees.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 3, 2014**
**Charleston, South Carolina**